# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY MAZZA,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **PEERLESS INDEMNITY INSURANCE** | : | |
| **COMPANY,** | : | **No. 13-3225** |
| **Defendant.** | : | |

## MEMORANDUM

**Schiller, J.**                                                                                    **August 7, 2013**

Mary Mazza sued Peerless Indemnity Insurance Company ("Peerless") in the Montgomery County Court of Common Pleas. Peerless removed the case to this Court. Because Mazza's claim does not satisfy the jurisdictional amount, the Court will remand this action.

## I.      BACKGROUND

On April 1, 2012, Mazza suffered property damage to her residence in Collegeville, Pennsylvania due to accidental water damage. (Notice of Removal Ex. A [State Court Documents] at 22, 23, 29.) She had a homeowner's insurance policy with Peerless at the time and submitted a claim for the damage in a timely manner. (*Id.* at 22-23.) Mazza provided an estimated total cost of $15,176.25 for repairs to the insured premises, which she itemized in a document attached to her Complaint. (*Id.* at 29.) To date, Defendant has paid her $3664.60 on her claim. (Notice of Removal ¶ 12.)

On May 13, 2013, Mazza filed a lawsuit in the Montgomery County Court of Common Pleas. She brings one count for breach of contract and one count for insurance bad faith pursuant to 42 Pa. Cons. Stat. § 8371. (State Court Documents at 24.) She also brought an earlier lawsuit for breach of

contract arising out of these events in the Magisterial District Court of Montgomery County, which resulted in a default judgment of $10,511.65 for Mazza, and which is currently on appeal in state court. (Notice of Removal ¶¶ 2-4, 6.)

Peerless removed the case to this Court on June 11, 2013, citing the Court's diversity jurisdiction. Although Mazza seeks "an amount not in excess of $50,000" in the Complaint, Peerless alleges that the amount in controversy is nevertheless in excess of the jurisdictional minimum of $75,000 for the Court to exercise its diversity jurisdiction. (*Id.* ¶¶ 14, 19.) According to Defendant, Plaintiff seeks $11,511.65, the difference between the total amount of damage and the payment Defendant has already made. (*Id.* ¶ 12.) She also requests punitive damages, counsel fees, costs, and interest on her claim. (State Court Documents at 26.) Despite the Complaint's ad damnum clause, Peerless claims that "by making a demand for compensatory damages in excess of $10,000, and seeking to recover attorney's fees and punitive damages, the amount in controversy . . . is, to a legal certainty, in excess of the jurisdictional minimum." (Notice of Removal ¶ 19.)

## II.    DISCUSSION

A district court has the authority to remand a case sua sponte for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[Section 1447(c)] allows and indeed compels a district court to address the question of jurisdiction, even if the parties do not raise the issue."). The Third Circuit strictly construes the removal statutes against removal and resolves all doubts in favor of remand. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010

(3d Cir. 1987). Peerless has removed this case based on the Court's diversity jurisdiction under 28 U.S.C. § 1332, which gives district courts jurisdiction over actions between citizens of different states when the amount in controversy exceeds $75,000. When calculating the amount in controversy, the Court includes punitive damages, which Mazza seeks under Pennsylvania's bad faith statute. *See Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993); *see also Espinosa v. Allstate Ins. Co.*, Civ. A. No. 07-746, 2007 WL 1181020, at *2 (E.D. Pa. Apr. 16, 2007).

*Morgan v. Gay* sets forth the framework in the Third Circuit for assessing the amount in controversy when a plaintiff has limited the damages she seeks in her complaint. 471 F.3d 469, 474-75 (3d Cir. 2006). Specifically, the case delineates three rules: "1) The party wishing to establish subject matter jurisdiction has the burden to prove to a legal certainty that the amount in controversy exceeds the statutory threshold; 2) A plaintiff, if permitted by state laws, may limit her monetary claims to avoid the amount in controversy threshold; and 3) Even if a plaintiff states that her claims fall below the threshold, this Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not." *Id.* (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005), and *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392 (3d Cir. 2004)); *see also Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007) ("[W]here the plaintiff expressly limits her claim below the jurisdictional amount as a precise statement in the complaint, . . . the *proponent* of the federal subject matter jurisdiction . . . must show, to a legal certainty, that the amount in controversy *exceeds* the statutory threshold."). A removing party that demonstrates a mere possibility that the damages exceed the statutory threshold has not proven the amount in controversy to a legal certainty. *See Dunfee v. Allstate Ins. Co.*, Civ. A. No. 08-1425, 2008 WL 2579799, at *7 (E.D. Pa. June 26, 2008).

As set forth in *Morgan*, Mazza is allowed to limit her claim for damages to avoid satisfying the amount in controversy,[1] and Peerless then bears the burden of proving to a legal certainty that the amount at issue in fact exceeds this threshold. *See Morgan*, 471 F.3d at 474-75.[2]

Courts in this District have remanded numerous claims for breach of contract and bad faith when the complaint included a valid ad damnum clause for failure to meet the amount in controversy. *See, e.g.*, *Bowman v. Liberty Mut. Fire Ins. Co.*, Civ. A. No. 08-5428, 2008 WL 5378272, at *1-2 (E.D. Pa. Dec. 19, 2008); *Dunfee*, 2008 WL 2579799, at *7-8; *see also Coates v. Nationwide Ins. Co.*, Civ. A. No. 12-4031, 2012 WL 4068437, at *5 (E.D. Pa. Sept. 14, 2012) (gathering cases that have reached same result). For example, in *Dunfee*, the plaintiffs brought a claim against an insurance company for bad faith and breach of contract and sought to limit their damages to $50,000. 2008 WL 2579799, at *1. The complaint alleged $39,733.51 in property damage and requested punitive damages. *Id.* The *Dunfee* court remanded the case, holding that the

---

[1] If permitted by state law, a plaintiff can limit her claim to avoid the amount in controversy threshold. *Morgan*, 471 F.3d at 474. In Pennsylvania, counties with compulsory arbitration, such as Montgomery County, require a plaintiff to state whether the amount claimed satisfies the jurisdictional amount for arbitration. *See* Pa. R. Civ. P. 1021(c); *Dunfee*, 2008 WL 2579799, at *7.

[2] 28 U.S.C. § 1446, the recently amended removal statute, provides that the amount in controversy is the amount demanded in the complaint in good faith. 28 U.S.C. § 1446(c)(2). However, if the complaint seeks non-monetary relief, or state practice either does not permit demands for a specific sum or allows recovery of damages in excess of the amount demanded, the Court may find by a preponderance of the evidence that the amount in controversy is that asserted in the notice of removal. *Id.* Nevertheless, because the Complaint does not seek non-monetary relief and Pennsylvania law permits demands for a specific sum that limits the plaintiff's recovery in the arbitration context, the Court adopts the amount in controversy stated in the Complaint, rendering the preponderance of the evidence standard inapplicable. *See id.* Yet even if the Court were to analyze the amount in controversy under a preponderance of the evidence standard, the Court finds it more likely than not that Mazza cannot recover $63,000 in punitive damages on an approximately $11,000 insurance claim.

4

defendant's argument that the damages "could" exceed the threshold of $75,000 or that it was "certainly possible" they would exceed $75,000 did not satisfy the amount in controversy requirement to a legal certainty. *Id.* at *7-8.

Similarly, in *Bowman*, the plaintiff alleged losses of $21,821.17 and sought punitive damages "in an amount not in excess of $50,000." 2008 WL 5378272, at *1. Because the insurance company offered no more than "conjecture that a jury could possibly award" greater damages than those sought in the complaint, the jurisdictional amount was not met. *Id.* at *2.

Plaintiff here seeks $11,511.65 in contractual damages; Defendant would thus need to prove to a legal certainty that over $63,000 in punitive damages are recoverable to meet the jurisdictional amount. (*See* Notice of Removal ¶ 12.) Peerless has not met this burden. First, Mazza is not certain to recover punitive damages at all, as she has not alleged any particular facts suggesting bad faith on the part of Peerless, other than her assertion that she was entitled to benefits but has not received them. (State Court Documents at 24-26); *see Labenz v. Gov't Emps. Ins. Co.*, Civ. A. No. 01-4857, 2002 WL 32348336, at *2 (E.D. Pa. Mar. 15, 2002) (finding jurisdictional amount not satisfied when over $71,000 in punitive damages, interests, and costs were needed to meet amount in controversy requirement and complaint provided no factual support for bad faith allegations). Second, Peerless has supplied no basis for the Court to find that Mazza will recover the necessary amount of punitive damages. *See Chaparro v. State Farm Ins. Co.*, Civ A. No. 99-2063, 1999 WL 961035, at *4 (E.D. Pa. Oct. 12, 1999) (remanding case because a reasonable jury could not award punitive damages of $65,000 under § 8371 on plaintiffs' $10,000 insurance claim); *Singer v. State Farm Mut. Auto. Ins. Co.*, 785 F. Supp. 510, 512 (E.D. Pa. 1992) (finding that bare allegations of defendant's bad faith could not "sustain a punitive damage award of almost $45,000, necessary to bridge the jurisdictional

gap").

The Court also rejects Peerless's arguments in support of its assertion that the amount in controversy requirement is met to a legal certainty. First, Peerless argues that if the case is arbitrated, Mazza can appeal from the arbitration award and have a trial de novo, at which she could seek more than $50,000 in damages. (Notice of Removal ¶ 15.) However, Defendant's speculations about future awards on appeal are inadequate to establish subject matter jurisdiction, because a later recovery upon de novo review is "too theoretical to demonstrate that the amount in controversy exceeded the jurisdictional limit." *D'Achino v. GNOC Corp.*, Civ. A. No. 05-4380, 2005 WL 3307086, at *2 (E.D. Pa. Dec. 5, 2005); *see also Di Filippo v. Southland Corp.*, Civ. A. No. 94-2650, 1994 WL 273310, at *2 (E.D. Pa. June 21, 1994). Peerless's burden to prove the amount in controversy to a legal certainty is not satisfied by the suggestion of possible future events.

Second, Peerless also relies on the fact that it asked Mazza to sign a stipulation stating that no more than $75,000 in damages would be sought, and that Mazza failed to respond to this request. (Notice of Removal ¶ 18.) Yet Mazza and her attorney are under no obligation to sign the stipulation, and their decision not to do so is not determinative for purposes of the amount in controversy. *See Lee v. Walmart, Inc.*, 237 F. Supp. 2d 577, 580 (E.D. Pa. 2002) ("While a plaintiff's failure to stipulate might provide some evidence that a claim is truly for more than the jurisdictional minimum, I do not believe that fact may alone shoulder the burden of § 1332 jurisdiction.").

The possibility of de novo review of an arbitration award and an unsigned stipulation agreement between the parties do not establish to a legal certainty that the amount in controversy requirement is met. Likewise, Peerless has not demonstrated with any certainty that Mazza will recover over $63,000 in punitive damages. Accordingly, the Court must remand this case.

6

**III.     CONCLUSION**

Because the Court has determined that it lacks subject matter jurisdiction, the case must be remanded to state court. An Order consistent with this Memorandum will be docketed separately.